NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO B. CORTINAS, Jr., | No. 20-16227 |
| Petitioner-Appellant, | D.C. No. 3:10-cv-00439-LRH-WGC |
| v. | |
| STATE OF NEVADA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted June 18, 2021**
San Francisco, California

Before: BRESS and BUMATAY, Circuit Judges, and RAYES,*** District Judge.

Armando Cortinas, Jr., appeals from the denial of his petition for a writ of

habeas corpus. In 2006, Cortinas was convicted of first-degree murder by a jury in

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***        The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Nevada state court. The jury returned a general verdict of guilty after being instructed on two alternative theories of murder: premeditated murder and felony murder. On direct appeal, the Nevada Supreme Court held that the felony murder theory was erroneously instructed, but it determined that the instructional error was harmless because a properly instructed jury would have convicted Cortinas of premeditated murder. Cortinas then unsuccessfully sought habeas relief in state court. Thereafter, Cortinas petitioned the district court for habeas relief pursuant to 28 U.S.C. § 2254. The district court denied relief, and Cortinas appealed. We review de novo, *see Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012), and affirm.

Under § 2254(d), a writ may issue for a person in custody pursuant to a state court's judgment only if: (1) the decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," (2) the decision "involved an unreasonable application of" such clearly established law, or (3) the decision was "based on an unreasonable determination of the facts in light of the evidence presented" in state court. We apply the § 2254 analysis to the Nevada Supreme Court's decision because it is the "last reasoned state court decision." *Sanchez v. Davis*, 994 F.3d 1129, 1138 (9th Cir. 2021).

Cortinas primarily argues that the Nevada Supreme Court applied a harmlessness standard that is "contrary to" Supreme Court precedent. *See Williams*

2

*v. Taylor*, 529 U.S. 362, 405 (2000) (holding that a decision is "contrary to" Supreme Court precedent where "the state court applies a rule that contradicts the governing law set forth in [the Court's] cases"). But his argument fails.

The Nevada Supreme Court relied on *Chapman v. California*, 386 U.S. 18 (1967), which held that for "a federal constitutional error [to] be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24. The court also cited *Neder v. United States*, 527 U.S. 1 (1999), which held that instructional errors are harmless under *Chapman* if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error[.]" *Id.* at 18. This is the correct harmlessness standard on direct review. *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993). And the Nevada Supreme Court applied this standard when it concluded beyond a reasonable doubt that a properly instructed jury would have found that Cortinas was guilty of premeditated murder.

Cortinas argues that the instructional error was harmless only if the court could determine with reasonable certainty that the jury actually convicted him on the premeditated murder theory. *See Riley v. McDaniel*, 786 F.3d 719, 726 (9th Cir. 2015) (stating that "the relevant question is not simply whether we can be reasonably certain that the jury *could* have convicted [a petitioner] based on the valid theory . . . , but whether we can be reasonably certain that the jury *did* convict him based

3

on the valid . . . theory" (simplified)).  In Cortinas's view, the jury likely convicted him under the invalid but factually uncontested felony murder theory, rather than the valid but contested premeditated murder theory.

While *Riley* is Ninth Circuit precedent, relief under § 2254(d) turns on "clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d); *see White v. Woodall*, 572 U.S. 415, 420 n.2 (2014) ("[A] lower court may not consult its own precedents, rather than those of [the Supreme] Court, in assessing a habeas claim governed by § 2254." (simplified)). Furthermore, as *Riley* itself confirms, showing that the jury did convict under a correct alternative theory is only one way of demonstrating the jury would have convicted if properly instructed, which remains the ultimate inquiry.  *See Riley*, 786 F.3d at 726; *see also Babb v. Lozowsky*, 719 F.3d 1019, 1034 (9th Cir. 2013) (describing the inquiry as whether "the jury would still have convicted the petitioner on the proper instructions"), *overruled on other grounds as stated in Moore v. Helling*, 763 F.3d 1011, 1013 (9th Cir. 2014).

Nor did the Nevada Supreme Court decision involve an "unreasonable application of" the law or  an "unreasonable determination of the facts."  28 U.S.C. § 2254(d).  Cortinas bears the burden of showing that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."

4

*Sanchez*, 994 F.3d at 1138. "Even a strong case for relief does not mean the state court's [decision] was unreasonable." *Id.*

It was not unreasonable for the state court to conclude that a properly instructed jury would have found Cortinas guilty under the premeditation theory. The evidence for premeditated murder was overwhelming. Cortinas strangled the victim for nearly an hour, paused to check whether she was still breathing, changed course by attempting to break her neck, and then drove her into the desert and stabbed her three times to ensure she drowned in her own blood. *See Leonard v. State*, 17 P.3d 397, 411 (Nev. 2001) (en banc) (holding that the four-minute duration of a strangulation could support an inference of willfulness, deliberation, and premeditation); *Byford v. State*, 994 P.2d 700, 714–15 (Nev. 2000) (en banc) (holding that willfulness, deliberation, and premeditation may be formed in a short period of time).

**AFFIRMED.**